**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CLAYTON ORVILLE KING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 08-CV-093-TCK-FHM |
| ) | |
| MIKE ADDISON, Warden,[1] ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 7). Petitioner, a state inmate appearing *pro se*, filed a response to the motion (Dkt. # 9). Respondent's motion is premised on 28 U.S.C. § 2244(d), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition is untimely and Respondent's motion to dismiss should be granted.

*BACKGROUND*

On July 27, 2002, Robert King died after being shot in the face with a high-powered rifle in the bedroom of his home near Pawhuska, Oklahoma. King's son, Petitioner Clayton Orville King, was charged with Murder in the First Degree in Osage County District Court, Case No. CF-2002-174, in connection with the death. On February 3, 2003, a jury found Petitioner competent to stand trial. See Dkt. # 8, Ex. 2. On September 10, 2003, at the conclusion of a jury trial, Petitioner was

---

[1] In his amended petition, Petitioner identifies the Attorney General of Oklahoma as the Respondent. The proper respondent in this case is the Warden having custody of Petitioner. Petitioner is presently incarcerated at Joseph Harp Correctional Center ("JHCC"). Mike Addison is the Warden at JHCC. Therefore, the Clerk of Court shall be directed to substitute Mike Addison, Warden, as party Respondent in place of the Attorney General of Oklahoma.

found guilty as charged. See id. In accordance with the jury's recommendation, the trial court sentenced Petitioner to life imprisonment. Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA") where, on January 19, 2005, in Case No. F-2003-1281, his conviction was affirmed. (Dkt. # 8, Ex. 1). Nothing in the record indicates Petitioner sought either *certiorari* review in the United States Supreme Court or post-conviction relief in the state courts.

On February 19, 2008, the Clerk of Court received a 34-page handwritten pleading from Petitioner entitled "Justifiable Homicide" (Dkt. # 1). Because Petitioner referenced a criminal conviction entered by the State of Oklahoma, the Clerk of Court opened this habeas corpus action. By Order filed February 21, 2008 (Dkt. # 2), the Court directed Petitioner to file an amended petition to set forth each claim demonstrating that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Petitioner filed his amended petition (Dkt. # 3) on March 10, 2008.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the exercise of
> due diligence.
>    (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or claim
> is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on April 19, 2005, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on April 19, 2005, and, absent a tolling event, a federal petition for writ of habeas corpus filed after April 19, 2006, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Petitioner commenced this action on February 19, 2008, or twenty-two (22) months beyond the deadline. Absent either statutory or equitable tolling, the petition is time-barred.

On the last page of the amended petition, Petitioner acknowledges that he did not commence this action within the limitations period, but offers several explanations for his untimeliness. See Dkt. # 3 at 50. First, he states that "the lying hypocritical and devious psychological staff here involuntaried [sic] me as soon as I arrived, instead of letting the chemicals, that were messing up my brain, from the poisons, filter out or take me to a real hospital, let alone talk directly to real

police or attorneys." Id. Second, he states that "only about two years ago when I stopped my sickening meds, did my brain start to repair itself and only then could I concentrate and think well enough to write letters of a minimal quality, let alone try to present my case." Id. Third, he claims that "due to the conspiracy, no one responded to any of my letters and I also was working occasionally on my pi (Π=3.1415161718...) and physics-patent briefs." Id. Fourth, Petitioner alleges that he was unable to sell "vehicle merchandise" to pay for attorney's fees and lawsuit fees. Id. Lastly, Petitioner complains that his appellate attorney "did not follow my reasons for a descission [sic] reversal" and that after his conviction was affirmed on direct appeal, "I had no one in contact with me that actually cared or was helping me." Id.

In response to the motion to dismiss, Petitioner complains that his effort to write a response to Respondent's motion to dismiss was hindered by limitations on his access to the law library. See Dkt. # 9 at 1. He also asserts that he is innocent of First Degree Murder because the shooting was "clear self defense." Id. at 3. He also states that he "would have filed this amended petition '36 pages,' on time, if I wasn't struggling with depression, memory loss, and extreme betrayal by everyone I ever know and was basically on a cancer patient's death row on top of that." Id. at 6. He further indicates that the limitations period is not applicable in this case because he has alleged a conspiracy. Id.

Section 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by

extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978. A claim of actual innocence may warrant equitable tolling, see Gibson, 232 F.3d at 808, although the applicant must also show that he "diligently pursue[d] his federal habeas claims," id. To establish "actual innocence," an applicant must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and demonstrate that "more likely than not, no reasonable juror would have convicted him in the light of the new evidence," id. at 327. Such new evidence must "affirmatively demonstrate[ ] his innocence," not simply "undermine the finding of guilt against him." Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999) (internal quotation marks omitted).

The Court finds that Petitioner has failed to demonstrate entitlement to equitable tolling. As a threshold matter, the record in this case does not reflect that Petitioner pursued his federal claims diligently. More than three (3) full years passed between the issuance of the OCCA's opinion affirming Petitioner's conviction on direct appeal and the commencement of this federal habeas corpus action. In addition, none of the reasons proffered by Petitioner justify equitable tolling. First, although Petitioner makes an assertion that the "psychological staff here involuntaried [sic] me as soon as I arrived," see Dkt. # 1 at 50, his allegation lacks sufficient specificity to warrant equitable tolling. He has provided nothing to indicate that between April 19, 2005, and April 19, 2006, he was so incapable of rational thought that he could not take the steps necessary to file a petition for writ of habeas corpus. See Alexander v. Cockrell, 294 F.3d 626 (5th Cir. 2002) (habeas petitioner has burden of proof concerning equitable tolling and must demonstrate rare and exceptional

circumstances warranting application of doctrine). In fact, he admits that for the two (2) years preceding the commencement of this action, he has been able to communicate in writing. Yet he took no action to preserve his federal claims until commencing this action on February 19, 2008. Furthermore, as a matter of law, "[t]he Tenth Circuit has never held that mental incapacity tolls the statute of limitation." Biester v. Midwest Health Serv., Inc., 77 F.3d 1264, 1268 (10th Cir. 1996). Equitable tolling based on mental incapacity is warranted but only in "exceptional circumstances." Reupert v. Workman, No. 01-6440, 45 Fed.Appx. 852, 854 (10th Cir. Sept. 3, 2002) (unpublished) (citing Biester, 77 F.3d at 1268). Such exceptional circumstances include an adjudication of incompetence, institutionalization for mental incapacity, or where it is shown that mental incapacity renders the individual incapable of pursuing his own claim. Id. If a litigant is capable of pursuing legal remedies during the relevant time period, equitable tolling based upon mental incapacity is not appropriate. Biester, 77 F.3d at 1268. Petitioner in this case has not shown that he has been adjudicated incompetent or that he was incapable of pursuing his federal claim because of mental incapacity.[2] As indicated above, Petitioner's allegation that he was "involuntaried" lacks sufficient specificity to warrant equitable tolling. In addition, he indicates that he corresponded with his appellate attorney supporting an inference that he had the mental capacity to pursue his own claim.

---

[2]The Court recognizes that Petitioner's pleadings contain statements suggesting he suffers from some degree of mental illness. For example, he repeatedly describes himself as a "rare genetic mutation," a "super genius college student with patents pending," and a "poisoned primordial dwarf." He claims to have invented, *inter alia*, "drop zero mathematics (the decimal system), basic algebra, trigonometry, and even some calculus formulas." He also displays, however, the ability to present his theory of the case. He alleges that at the time of the murder, he was being poisoned and abused by his parents, and that "retaliation to stop further trauma is a self-defensive act." Nothing in the record suggests that Petitioner lacked the mental capacity to communicate that theory during the limitations period.

6

The Court concludes that Petitioner is not entitled to equitable tolling based on mental incapacity during the one-year limitations period.

Next, Petitioner's inability to secure legal representation or other assistance during the relevant period does not justify equitable tolling. The Tenth Circuit Court of Appeals has held that "[t]he inability to hire an attorney also will not excuse an untimely habeas petition because there is no right to counsel in habeas proceedings." Hickmon v. Mahaffey, No. 01-5073, 28 Fed.Appx. 856, 858 (10th Cir. Nov. 29, 2001) (unpublished) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)). Petitioner was responsible, despite his incarceration, for insuring diligent pursuit of his habeas claims and compliance with filing requirements, including the one-year limitations period. As indicated above, the delay of three (3) years in this case does not reflect reasonable diligence by Petitioner.

In his response to the motion to dismiss, Petitioner makes only unsupported allegations concerning access to the law library at his facility. See Dkt. # 9. Those allegations, however, relate only to his ability to prepare a response to the motion to dismiss, are unrelated to his failure to seek habeas relief during the limitations period, and do not entitle Petitioner to equitable tolling.

Lastly, Petitioner's allegations of innocence are insufficient to justify equitable tolling. He challenges the evidence presented during his trial, and asserts that he shot his father in self-defense. He further claims that his conviction was the result of a conspiracy. However, he mistakenly argues legal innocence instead of factual innocence to justify equitably tolling the limitations period. See Batrez Gradiz v. Gonzales, 490 F.3d 1206, 1209 (10th Cir. 2007). Significantly, he presents no new evidence to support a claim of actual innocence, Schlup, 513 U.S. at 324, and no evidence to support

7

the existence of a conspiracy. The lack of new evidence coupled with Petitioner's lack of diligence precludes equitable tolling of the one-year limitations period based on a claim of actual innocence.

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. He did not diligently pursue his federal claims and for that reason, he is not entitled to equitable tolling of the limitations period. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk of Court shall substitute Mike Addison, Warden, as party Respondent in place of the Attorney General of Oklahoma.
2. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 7) is **granted**.
3. The petition for writ of habeas corpus (Dkt. # 1), as amended (Dkt. # 3), is **dismissed with prejudice.**

DATED THIS 25th day of February, 2009.

TERENCE KERN
UNITED STATES DISTRICT JUDGE